Dear Ms. Tanner:
You ask this office if you may hold full-time employment with the Eastern Louisiana Mental Health System, an agency of the Department of Health and Hospitals, and additionally hold part-time employment with the Dixon Correctional Institute, an agency of the Department of Public Safety and Corrections. In the alternative, you also ask if you may hold full-time employment with the Eastern Louisiana Mental Health System and additionally hold a professional services contract with Dixon Correctional Institute.
At the outset, note that the Department of Health and Hospitals and the Department of Public Safety and Corrections are both state executive branch agencies, as provided in R.S. 36:4. R.S. 36:4 provides for the structure of the executive branch of state government and states, pertinently:
 A. In accordance with the provisions of Article IV, Section 1 and Article XIV, Section 6 of the Constitution of Louisiana, all offices, boards, commissions, agencies, and instrumentalities of the executive branch of state government, whether constitutional or statutory, and/or their functions, powers, duties, and responsibilities shall be allocated, either in the Act by which this Title was created or by legislation enacted subsequent thereto, within the departments listed in this Section, except as provided in Subsections B and C of this Section, and in order to comply with this constitutional mandate, the agencies of the executive branch of *Page 2 
state government hereinafter enumerated, whether heretofore created by the constitution or by statute, and/or their functions, powers, duties, and responsibilities are allocated, in the manner hereinafter set forth in this Title, within the following designated departments:
 *** (5) Department of Health and Hospitals
 *** (8) Department of Public Safety and Corrections
We first classify your two proposed positions for purposes of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. The Eastern Louisiana Mental Health System is comprised of facilities which fall within the jurisdiction of the Department of Health and Hospitals. Those state hospitals for the mentally ill and inebriate include the East Louisiana State Hospital, the Feliciana Forensic Facility, and the Greenwell Springs Hospital, all of which are now known as the Eastern Louisiana Mental Health System. See R.S. 28:21(D)(2)(b).
Because the Department of Health and Hospitals is an executive branch agency under R.S.36:4(A)(5), your position as Social Service Counselor with the Eastern Louisiana Mental Health System, which is under the authority of the Department of Health and Hospitals, is considered full-time state employment in the executive branch of state government. See R.S. 42:62(4)[1] and R.S. 42:62(6)[2] .
You contemplate holding another part-time position with the Dixon Correctional Institute, which functions under the authority of the Department of Public Safety and Corrections via R.S. 36:408, which pertinently states:
 A. The purposes for which the offices of the Department of Public Safety and Corrections are created shall be as set forth in this Section.
 *** *Page 3 G. (1) The office of adult services shall perform functions of the state relating to correctional institutions, work release programs, and the probation and parole programs for adults and children transferred to adult facilities of the department in accordance with the Children's Code, including functions relating to the operation and maintenance of the Louisiana Correctional Institute for Women, Louisiana State Penitentiary, Louisiana Correctional and Industrial School, Elayn Hunt Correctional Center, Dixon Correctional Institute, Work Training Facility North, Washington Correctional Institute, Wade Correctional Center, and such other adult correctional institutions as may be created.
 (2) In addition, it shall perform functions relating to the establishment and administration of a work release program for inmates of institutions under its jurisdiction, of a probation and parole system for inmates at adult institutions, and of a diagnostic and treatment center, which may consist of one or more branches, to undertake medical, educational, psychiatric, and social studies of persons committed to facilities under the jurisdiction of the office, all in accordance with applicable laws. (Emphasis added).
The Department of Public Safety and Corrections is an executive branch agency and "shall have responsibility for all penal and correctional institutions of the state". See R.S. 36:408(B)(4). Thus, your second position as addiction counselor with Dixon Correctional Institute (absent a contract) would constitute part-time[3] state employment. in the executive branch of state government for purposes of dual-officeholding law. See R.S. 42:62(6) in footnote 3.
Since you would hold the position of addiction counselor on a part-time basis, the prohibition of R.S. 42:63(E)[4] (which prohibits the holding of two or more full-time employments) is inapplicable.
Further, since both employments are within the executive branch, you do not run afoul of R.S. 42:63(B)[5], which prohibits one from holding employments in separate branches of state government. *Page 4 
The dual-officeholding laws generally do not prohibit one from holding a full-time state employment and a part-time state employment, as defined by R.S. 42:62(3)[6], where both positions are held within thesame branch of state government. Thus, the dual-officeholding provisions do not prohibit you from holding full-time state employment with the Eastern Louisiana Mental Health System and holding part-time state employment with the Dixon Correctional Institute under the Department of Public Safety and Corrections.
In the alternative, you also ask if you may hold full-time employment with the Eastern Louisiana Mental Health System and enter into a professional services contract with the Dixon Correctional Institute, rather than holding a part-time position of employment with Dixon Correctional Institute.
In this second scenario, the contractual prohibitions set forth in LSA-R.S. 39:1498(A) (4) are applicable. The statute provides, in pertinent part:
 § 1498. Approval of contract; penalties
 (A). Before approving a proposed contract for professional, personal, consulting, or social services, the director of the office of contractual review or an assistant shall have determined that:
 **** (4) No current state employee will engage in the performance of the proposed contract except as provided for in LSA-R.S. 39:1498.2.
R.S. 39:1498(A) (4) generally prohibits a state employee from entering into a professional services contract with a state executive branch agency. The term "contract" is defined by R.S. 39:1484(5) as:
 (5) "Contract" means every type of state agreement, including orders and documents purporting to represent grants, which are for the purchase or disposal of supplies, services, construction, or any other item. It includes awards and notices of award; contracts of a fixed price, cost, cost-plus-a-fixed-fee, or incentive type, contracts providing for the issuance of job or task orders, and letter contracts. It also includes contract modifications with respect to any of the foregoing. *Page 5 
However, a state employee falling with the exemption of R.S. 39:1498.2
is permitted to enter into a professional services contract with another state executive branch agency. R.S 39:1498.2(A) provides:
 § 1498.2 Professional, personal, and consulting service contracts with state employees.
 A. State agency personnel in the medical, nursing or allied health fields, state employees who are qualified to serve as interpreters for the deaf, faculty members of public institutions of higher education, and state employees selected to serve as instructors in the paralegal studies course of the division of continuing education at a state college or university may be employed by other state agencies through a contract for professional, personal, consulting, or social services in accordance with rules and regulations adopted by the office of contractual review. No such faculty member, except those who are also employed by private firms may contract for the design or redesign of a state-owned facility in which the services of a professional architect or engineer, or both, are required.
We note here that the exception of R.S. 39:1498.2(A) permits "state agency personnel in the medical, nursing or allied health field" to "be employed by other state agencies through a contract for professional, personal, consulting, or social services in accordance with rules and regulations adopted by the office of contractual review".
While R.S. 39:1498 does not contain a definition of the "allied health field", we are guided by R.S. 46:1151, a statute which authorizes the governing authority of hospital service districts to "establish and administer a scholarship program for the purpose of increasing the educational opportunities available to students who will work in allied health professions". Within R.S. 42:1151(C), the statute defines "allied health profession" to mean "any generally recognized medical profession or vocation including, but not limited to respiratory, vocational, physical and other therapies; medical, radiologic, and other technologists; pharmacists, social workers, and other similar professionals and vocations".
You are employed as a "Social Service Counselor 4-B" with the Eastern Louisiana Mental Health System. Based on the definition provided by R.S.42:1151(C), we believe you to be employed in the "allied health field" and entitled to the exemption of R.S. 39:1498.2(A) which would permit you to enter into a professional services contract with the Department of Safety and Corrections at Dixon Correctional Institute.
However, such contracts must be in accordance with rules and regulations adopted by the office of contractual review. We strongly suggest that you contact the Office of Contractual Review (OCR) within the Division of Administration. The OCR is charged by law with adopting rules and regulations for the procurement, management, control and *Page 6 
disposition of all professional, personal, consulting, and social services contracts required by state agencies. The physical location of the OCR is 1201 N. 3rd Street, Claiborne Building, Suite 7-246, Baton Rouge, LA 70802, and the telephone number is (225) 342-7097.
You should further seek the advice of the State Ethics Commission concerning questions under the Code of Governmental Ethics, LSA-R.S.42:1111, et seq. You may direct your inquiry for an opinion to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, Louisiana 70808, telephone: 225-765-2308.
Finally, it is acceptable to be compensated by Dixon Correctional Institute if you hold a valid position of part-time employment with DCI, or if you have a valid contract with DCI as approved by the OCR, and if there are no provisions under the Code of Governmental Ethics preventing your receipt of these monies.
We hope the foregoing is helpful to you. Should you have other questions in which this office may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI
 ATTORNEY GENERAL
 BY: __________________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(4) states:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
[2] R.S. 42:62(6) states:
(6) The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation
[3] R.S. 42:62(5) defines "part-time" as follows:
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this section as full time.
[4] R.S. 42:63(E) states:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
[5] R.S. 42:63(B) states:
(B) Except as otherwise provided by the Louisiana Constitution, no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government.
[6] (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state or of a political subdivision thereof.